```
              UNITED STATES DISTRICT COURT
                        FOR THE
                   DISTRICT OF VERMONT
```

Keith Russell Judd for           :
President of USA,                :
      Petitioner,          :
                                  :
    v.                           :        File No. 2:05-CV-115
                                  :
United States of America,        :
      Respondent.                :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 1)

Petitioner Keith Russell Judd, a federal inmate currently incarcerated in Pennsylvania and proceeding *pro se*, has filed a motion for relief from the denial of his 28 U.S.C. § 2255 petition by the U.S. District Court for the Western District of Texas.  (Paper 1).  Judd brings his motion pursuant to Fed. R. Civ. P. 60(b), and claims that jurisdiction in this Court is proper under Fed. R. Civ. P. 4(k)(2) and 28 U.S.C. § 1361.  For the reasons set forth below, I recommend that Judd's motion be DENIED.

The specifics of Judd's claims are difficult to make out from his pleading.  He first makes reference to the fact that the U.S. District Court for the Western District of Texas "and U.S. Attorney are defendants in a fees-paid lawsuit No. MO-98-CA-167 in the same court, and

the defendants are not willing to have any of petitioner's filings in the defendant's court." Judd also makes reference to two "fees-paid pretrial appeals" pending in the U.S. District Court for the District of Columbia. Based upon these facts, he concludes that jurisdiction is proper in any federal court pursuant to Rule 4(k)(2).

Contrary to Judd's contention, Rule 4(k)(2) does not apply here. As the Advisory Committee's note explains, Rule 4(k)(2) pertains to foreign defendants over whom no state has personal jurisdiction, but who have sufficient contacts with the United States to justify applying United States law. See Fed. R. Civ. P. 4(k)(2), advisory committee note. This is clearly not such a case.

Judd further contends that the U.S. District Court for the Western District of Texas lacked jurisdiction to rule on his § 2255 motion because there was never a final judgment of conviction in his criminal case. He appears to be arguing that an appeal was filed prior to the entry of a judgment against him, and that this appeal deprived the district court of jurisdiction to enter a judgment. He therefore asks this Court to compel action in his

favor pursuant to 18 U.S.C. § 1361, and claims that he is free to bring his current motion under Rule 60(b) as an "independent action."

Again, Judd's claims are misplaced.  If Judd was or is the subject of a criminal proceeding in the U.S. District Court for the Western District of Texas, he must seek relief in that court.  See 28 U.S.C. § 2255 (prisoner may "move the court which imposed the sentence" to vacate, set aside, or correct sentence); Indian Head Nat'l Bank of Nashua v. Brunelle, 689 F.2d 245, 249 (1st Cir. 1982) (Rule 60(b) motion practice was intended for court that rendered judgment).  If Judd has not yet been convicted, he may choose to challenge his pretrial detention, after exhausting any required remedies, in the court with jurisdiction over his custodian.  See 28 U.S.C. §§ 2242, 2243; Rumsfeld v. Padilla, 124 S. Ct. 2711, 2717 (2004).  In any event, this Court should take no action pursuant to 28 U.S.C. § 1361.  See Billiteri v. United States Bd. of Parole, 541 F.2d 938, 946 (2d Cir. 1976) (action under § 1361 requires lack of any other adequate, available remedy).

For these reasons, Judd's motion for relief from the

decision of the U.S. District Court for the Western District of Texas with respect to his § 2255 motion (Paper 1) should be DENIED.

Dated at Burlington, in the District of Vermont, this 3rd day of May, 2005.

>                             /s/ Jerome J. Niedermeier
>                             Jerome J. Niedermeier
>                             United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).